Taylor, C. J.
delivered the opinion of the Court:
The first question to be decided in this case, is, whether the daughters took by descent or by purchase; for if they took by descent, the succession to them must be confined, to the blood of the ancestor from whom they inherited, and this being extinct the estate is vested in the University, as escheat.
The rule of the common law is very distinct and well established, that where a person devises lands to his right heirs, without changing the nature or quality of the estate, although it be charged with incumbrances, the heir shall be in by descent, a title always favored by the policy of the law,
*408 The cases on this subject proceed on the supposition that there is no election in the heir to take by descent or purchase, for the descent is immediately cast on him, and the devise is considered as having no operation at all.
For if the heir might, at his choice, have taken by purchase, the lord would have lost many emotuments of his seigniory, and the specialty creditor of the ancestor, the fund which was answerable for their demands, for until the Stat. Will. 3d, the devisee was not liable.
But if, on the other hand, the devisor alter the estate, and limit it differently from what it would descend to the heir, he shall take by purchase. Hence the cases cited by the defendant’s counsel, prove unequivocally, that if at common law a person had devised to several daughters in fee, who would have been his heirs at law, they would have taken as purchasers; for had they succeeded as heirs, it would have been in parcenary, whereas by the devise, they take in joint tenancy, or in common.
It is now proper to look at our act of Assembly regulating descents, and to learn from it how lands are held which descend on several co-heirs; and the words are very explicit: “ The estate shall descend to all the sons, to be equally divided amongst them, and for want of sons, to all the daughters, to be equally divided amongst them severally, share and share alike, as tenants in common in severalty, and not as joint tenants."
It is not necessary to cite authorities to prove, that the devise to the daughters in this case, gives them a remainder as tenants in common. The words “ equally to be divided,” have repeatedly been adjudged to be, in a devise, words of severance.
As, then, the daughters took the same estate under the will, that they would have taken had the ancestor died intes *409 tate, it follows, that they were in by descent, and the devise was void.
After an attentive consideration of the acts of Assembly regulating descents, and particularly of the act of 1784, c. 22, sec. 7, we adopt the opinion, that none of the cases provided for, comprehend a descent from the parent, so as to vest a life-estate in the mother.
The parent shall succeed, where the child derives the estate from him; but that must be by some act inter vivos, for the parent must be dead before the child could derive it by descent from him. The parent shall also succeed where the child actually purchases the estate, or otherwise acquires it. The just construction of this clause, we think equally exclusive of the case of a descent from the parent, for reasons, which having heretofore been elaborately stated, it would be a waste of time to iterate. The opinion of the Court being in favor of the plaintiffs upon these points in the case, it is unnecessary to notice the others.——Judgment for the plaintiffs.